**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNION MUTUAL FIRE INSURANCE
COMPANY,

                Plaintiffs,

       v.

SUBIN ASSOCIATES, LLP, et al.,

                Defendants.

1:25-CV-02652-OEM-CLP

 

**<u>INDIVIDUAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS</u>**


**ON BEHALF OF**

**HERBERT S. SUBIN, ERIC SUBIN, ARNOLD BAUM, SUBIN ASSOCIATES, LLP,**
**SUBIN & ASSOCIATES, LLC, SUBIN, LLP and ERIC SUBIN, PLLC**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT.................................................................................................1

ARGUMENT ...........................................................................................................................4

    I.    THE FAC IS DEVOID OF SPECIFIC FACTUAL ALLEGATIONS AGAINST THE SUBIN DEFENDANTS AND RELIES ON IMPERMISSIBLE GROUP PLEADING...........................................................................................................4

    II.    THE FAC FAILS TO PLEAD A RICO CLAIM AGAINST SUBIN ASSOCIATES, LLP...............................................................................................8

            A.    Failure to Properly Plead that Subin Associates, LLP Committed Predicate Acts or Engaged in a "Pattern of Racketeering Activity"...........................9

                    1.    The Complaint Fails to Satisfy Rule 9(b)'s Particularity Requirements as to Predicate Acts of Mail and Wire Fraud ...........9

                    2.    Statute of Limitations................................................................11

                    3.    The FAC Does Not Allege Bribery or Travel Act Violations Against Any Subin Defendant ........................................................12

                    4.    No Particularity is Alleged as to Subin Associates, LLP's Participation in the Overarching Fraud Scheme ...........................12

                    5.    The Litigation Activity Cannot Constitute a RICO Predicate Act.13

            B.    The FAC Fails to Allege a RICO Enterprise...............................................15

                      1.    Absence of Common Purpose and Interpersonal Relationships Between Subin Associates, LLP and the Other Enterprise Defendants ...................................................................................16

    III.    PLAINTIFF FAILS TO PLEAD A RICO CONSPIRACY AGAINST THE SUBIN DEFENDANTS ...............................................................................17

    IV.    DISMISSAL OF COMMON LAW CLAIMS OF FRAUD, AIDING/ABETTING FRAUD, UNJUST ENRICHMENT AND GENERAL BUSINESS LAW § 349 .19

    V.    DISMISSAL OF COUNT VIII CLAIM UNDER JUDICIARY LAW § 487........19

CONCLUSION......................................................................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abbott Labs. v. Adelphia Supply USA*,
   No. 15-CV-5826, 2017 U.S. Dist. Lexis 1007 (E.D.N.Y. Jan. 4, 2017)...................................18

*Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*,
   483 U.S. 143 (1987)...........................................................................................................11

*Allstate Ins. Co. v. CPM Med. Supply Inc.*,
   No. 23-CV-5864, 2024 U.S.Dist. Lexis 153880 (E.D.N.Y. Aug. 27, 2024) ....................11, 13

*Alnwick v. European Micro Holdings, Inc.*,
   281 F.Supp.2d 629 (E.D.N.Y. 2003) ......................................................................................7

*Applebaum v. Fabian*,
   2022 U.S. App. Lexis 32026 (3d Cir. Nov. 18, 2022) ............................................................13

*Aymes v. Gateway Demolition Inc.*,
   30 A.D.3d 196 (1st Dept. 2006).............................................................................................19

*Black v. Ganieva*,
   619 F. Supp. 3d 309 (S.D.N.Y. 2022).....................................................................................16

*Blue Cross of California v. SmithKline Beecham Clinical Labs., Inc.*,
   62 F. Supp. 2d 544 (D. Conn. 1988) ................................................................................16, 17

*Condos Bros. Constr. Corp. v. Main St. Am. Assur. Co.*,
   280 F. Supp. 3d 349 (E.D.N.Y. 2017) ..............................................................................10, 11, 17

*Cont. Transp. Servs., Inc. v. New Era Lending LLC*,
   No. 17 Civ. 8224, 2018 WL 11226077 (S.D.N.Y. Oct. 26, 2018) .........................................17

*D. Penguin Bros. Ltd. v. City National Bank*,
   No. 13 Civ. 0041, 2014 U.S. Dist. Lexis 32819 (S.D.N.Y. Mar. 11, 2014) ...........................15

*DeFalco v. Bernas*,
   244 F.3d 286 (2d Cir. 2001)...................................................................................................8

*Dekom v. Fannie Mae*,
   846 Fed. App'x 14 (2d Cir. 2021)...........................................................................................13

*DLJ Mortg. Capital, Inc. v. Kontogiannis*,
   594 F.Supp.2d 308 (E.D.N.Y. 2009) ......................................................................................7

*Farag v. XYZ Two Way Radio Service, Inc.*,
  No. 22-1795, 2023 U.S. App. Lexis 7950 (2d Cir. Apr. 4, 2023) .......................................8, 10

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*,
  385 F.3d 159 (2d Cir. 2004)...................................................................................9, 17, 18

*Flexborrow LLC v. TD Auto Fin. LLC*,
  255 F. Supp. 3d 406 (E.D.N.Y. 2017) ...........................................................................11, 18

*Government Employees Ins. Co. v. Hazel*,
  No. 11-CV-00410, 2014 U.S. Dist. Lexis 133870 (E.D.N.Y. Aug. 11, 2014) ......................19

*Gross v. Waywell*,
  628 F. Supp. 2d 475 (S.D.N.Y 2009)................................................................................8

*Gurung v. MetaQuotes Ltd.*,
  No. 23-CV-06362, 2024 U.S. Dist. Lexis 146721 (E.D.N.Y. Aug. 16, 2024) ......................17

*Gutterman v. Herzog*,
  No. 20-CV-1081, 2020 U.S. Dist. Lexis 214027 (E.D.N.Y. Nov. 16, 2020) .........................11

*Ionian Re, LLC, et al. v. Cedillo, et al.*,
  No. 1:24-cv-7969-DG-JRC (E.D.N.Y. Nov. 15, 2024) ........................................................2

*Ionian Re, LLC v. Gorayeb & Associates, P.C., et al.*,
  No. 1:24-cv-07098-RPK-PK (E.D.N.Y. Oct. 8, 2024) .........................................................2

*Jaye v. Oak Knoll Vill. Condo. Owners Assoc.*,
  751 Fed. App'x 293 (3d Cir. 2018)....................................................................................10

*Jgaip RH 160 LLC v. Cri Holding Corp.*,
  No. 21-CV-02489, 2023 U.S. Dist. Lexis 144781 (E.D.N.Y. Aug. 16, 2023) ......................17

*Jordan v. Tilzer*,
  No. 21-1938, 2022 U.S. App. Lexis 30129 (2d Cir. Oct. 31, 2022).....................................10

*Kim v. Kimm*,
  884 F.3d 98 (2d Cir. 2018)..................................................................................13, 14, 15

*Kuiters v. Kukulka*,
  57 A.D.3d 1469 ( 4th Dept. 2008) ....................................................................................19

*Lipin v. Hunt*,
  2015 U.S.Dist. Lexis 35700 (S.D.N.Y. 2015) ...................................................................19

*Lippe v. Bairnco Corp.*,
  225 B.R. 846 (S.D.N.Y. 1998)...........................................................................................7

*Lopez v. Bonanza.com, Inc.*,
    2019 U.S. Dist. Lexis 170715 (S.D.N.Y. 2019) ........................................................7

*McLaughlin v. Anderson*,
    962 F.2d 187 (2d Cir. 1992)........................................................................................9

*Mills v. Polar Molecular Corp.*,
    12 F.3d 1170 (2d Cir. 1993)........................................................................................9

*Nasik Breeding & Research Farm Ltd. v. Merck & Co., Inc.*,
    165 F. Supp. 2d 514 (S.D.N.Y. 2001).......................................................................18

*New Falls Corp. v. Soni Holdings, LLC*,
    2020 U.S.Dist. Lexis 59868 (E.D.N.Y. 2020) ...........................................................5

*Pensee Assoc. Ltd. v. Quon Indus. Ltd.*,
    660 N.Y.S.2d 563 (1st Dep't 1997) ..........................................................................19

*Reddy v. Abitol*,
    No. 49-CV-1493, 2020 U.S. Dist. Lexis 1996 (N.D.N.Y. Jan 7, 2020) ...................14

*Roosevelt Road, Re, et al. v. Hajjar, et al.*,
    No. 1:24-cv1549-NG-LB (E.D.N.Y. March 1, 2024)..................................................2

*Roosevelt Road, Re, et al. v. Wingate Russotti, Shapiro, Moses & Halpern, LLP, et al.*,
    No. 1:24-cv-6259-NCM-VMS (E.D.N.Y. Sept. 6, 2024).........................................2

*Roosevelt Road, Re v. Liakas Law, P.C., et al.*,
    No. 1:25-cv-00300-ENV-RML (E.D.N.Y. Jan. 17, 2025) .......................................2

*Roosevelt Road, Re v. Subin, et al.*,
    No. 1:24-cv-05033-HG (E.D.N.Y. Nov. 26, 2024) ...................................................2

*Roosevelt Road, Re v. William Schwitzer & Associates, P.C., et al.*,
    No. 1:25-cv-3386-NKE (E.D.N.Y. June 16, 2025) ...................................................2

*Schweitzer v. Testaverde*,
    1990 U.S.Dist. Lexis 1672 (S.D.N.Y. 1990) .............................................................7

*Simmons v. Nationstar Mortgage*,
    No. 20-CV-1066, 2021 U.S. Dist. Lexis 47566 (E.D.N.Y. Mar. 12, 2021) ............11

*Spool v. World Child Int'l Adoption Agency*,
    520 F.3d 178 (2d Cir. 2008)...................................................................................9, 10

*State Farm v. Tri-Borough NY Med. Prac.*,
    120 F.4th 59 (2d Cir. 2024) ......................................................................................14

*Strother v. Harte*,
171 F.Supp.2d 203 (S.D.N.Y. 2001).........................................................................7

*Union Mutual Fire Ins. Co. v. Liakas Law, P.C., et al.*,
No. 1:25-cv-1857-FB-JRC (E.D.N.Y. April 3, 2025) ............................................2

*United States v. Applins*,
637 F.3d 59 (2d Cir. 2011)......................................................................................18

*United States v. Boyle*,
556 U.S. 938 (2009)............................................................................................8, 16

*United States v. Coonan*,
938 F.2d 1553 (2d Cir. 1991)..................................................................................17

*Weaver v. Boriskin*,
751 Fed. App'x 96 (2d Cir. 2018).............................................................................13

*Worldwide Directories, S.A. De C.V. v. Yahoo! Inc.*,
No. 14-CV-7349, 2016 U.S. Dist. Lexis 44265 (S.D.N.Y. Mar. 31, 2016)............10

## Statutes

18 U.S.C. § 1341 .........................................................................................................9

18 U.S.C. § 1343 .........................................................................................................9

18 U.S.C. § 1956 and 1957 ...................................................................................11, 12

18 U.S.C. §1961(c), (d) and (a) ..................................................................................3

N.Y. Civil Practice Law .............................................................................................14

N.Y. General Business Law §349........................................................................3, 7, 19

N.Y. Jud. Law §487 ................................................................................................3, 19

RICO .................................................................................................................. *passim*

RICO § 1962(c)...........................................................................................................8

RICO § 1962(d) ........................................................................................................18

## Other Authorities

Fed. R. Civ. P. §§8(a), 9(b), 12(b)(1) and 12(b)(6) ........................................... *passim*

Fed. R. Civ. P. §3121 ................................................................................................14

This Individual Memorandum of Law is respectfully submitted on behalf of the seven Subin-related Defendants in this action: Subin Associates, LLP; Subin & Associates, LLC; Subin, LLP; Eric Subin, PLLC; Herbert S. Subin; Eric Subin; and Arnold Baum (collectively, the "Subin Defendants"), in support of their motion to dismiss the Complaint pursuant to F.R.C.P. 8(a), 9(b), 12(b)(1) and 12(b)(6).

* * * * *

As permitted by the Court's October 21, 2025 Text Order, a Joint Memorandum of Law is also being submitted separately on behalf of all Defendants (the "Joint Brief"). The Joint Brief asserts common arguments for dismissal of the FAC in its entirety. The Subin Defendants herein adopt and incorporate all of the arguments in the Joint Brief in support of their motion to dismiss.

This Individual Memorandum of Law is intended to supplement the arguments in the Joint Brief for the purpose of outlining the deficiencies in the FAC that are specific to the Subin Defendants and specific to the claims asserted against them.

## PRELIMINARY STATEMENT

The Plaintiff, Union Mutual Fire Insurance Company (hereinafter "UM"), is an insurance company that issued insurance policies to property owners that were sued in New York state courts by individuals injured on their premises. UM's First Amended Complaint ("FAC") asserts eight causes of action against approximately 60 Defendants based on bombastic allegations of a Fraud Scheme involving lawyers, law firms, "runners," medical providers and litigation funders scheming together to entice homeless, immigrant, drug addicts (see FAC ¶ 99) to fake slip-and-fall incidents, undergo unnecessary medical treatment and pursue lawsuits based on the faked injuries.

This lawsuit, however, is another in a series of suits filed on behalf of insurers by the same law firm, the Willis Law Group, to target attorneys and medical providers in an effort to chill their representation and treatment of injured individuals. This is at least the ninth separate lawsuit[1] brought by the Willis Law Group in the Eastern District of New York on behalf of insurance companies, reinsurance companies and/or a managing agent of an insurance company alleging the identical overreaching fraud scheme against successful New York City law firms and a handful of doctors that treat their injured clients. All nine lawsuits allege the exact same RICO conspiracy, and simply changes the names of the alleged participants. Despite having had the practice of drafting so many pleadings and amended pleadings in all of these cases, this FAC reads like the rambling thoughts of a *pro se* civil rights claimant, confusingly overlapping tales of a 13-year-old federal prosecution of an unrelated "Kalkanis Scheme" (FAC ¶ 143-191, 234), questioning donations to the 2015 election campaign of a District Attorney (FAC ¶ 138) and the 2018 campaign of a Kings County Supreme Court Justice (FAC ¶ 141), and complaining about the 2012 representation of an individual in a lawsuit that settled in 2018 (FAC ¶ 113-133), while clumsily interspersing cut-and-paste images from unknown court transcripts, hallway signage and Dr. Weiner's website.

---

[1] See *Roosevelt Road, Re, et al. v. Hajjar, et al.*, No. 1:24-cv1549-NG-LB (E.D.N.Y. March 1, 2024); *Roosevelt Road, Re, et al. v. Wingate Russotti, Shapiro, Moses & Halpern, LLP, et al.*, No. 1:24-cv-6259-NCM-VMS (E.D.N.Y. Sept. 6, 2024); *Ionian Re, LLC v. Gorayeb & Associates, P.C., et al.*, No. 1:24-cv-07098-RPK-PK (E.D.N.Y. Oct. 8, 2024); *Ionian Re, LLC, et al. v. Cedillo, et al.*, No. 1:24-cv-7969-DG-JRC (E.D.N.Y. Nov. 15, 2024); *Roosevelt Road, Re v. Subin, et al.*, No. 1:24-cv-05033-HG (E.D.N.Y. Nov. 26, 2024); *Roosevelt Road, Re v. Liakas Law, P.C., et al.*, No. 1:25-cv-00300-ENV-RML (E.D.N.Y. Jan. 17, 2025); *Union Mutual Fire Ins. Co. v. Liakas Law, P.C., et al.*, No. 1:25-cv-1857-FB-JRC (E.D.N.Y. April 3, 2025); and *Roosevelt Road, Re v. William Schwitzer & Associates, P.C., et al.*, No. 1:25-cv-3386-NKE (E.D.N.Y. June 16, 2025).

The FAC focuses on eight "exemplar" lawsuits brought by Claimants identified only as "Claimants A, B, C, D, E, F, G and H." The eight exemplar Claimants brought lawsuits sounding in premises liability and alleging common law claims of negligence against property owners. Specifically, Claimants A, B, C, D, F and H allege in their underlying New York state court complaints that they fell on sidewalks or premises, and their lawsuits were brought against the owners of the property where they fell. (See FAC ¶ 236, 256, 271, 287, 334). Claimant G's lawsuit alleges injuries based on a collapsed ceiling in his apartment and was brought against the owner of the apartment. (See FAC ¶ 358, and Ex. 7-G, p.4). Claimant E's lawsuit alleges that he fell at a construction site and was brought against the owner and general contractor of the construction project. (See FAC Exhibit 7-E, p. 4-8).

UM issued general liability insurance policies to the defendant-property owners sued by Claimants A-H. Several of the personal injury lawsuits are still pending and ongoing in New York courts. (FAC ¶ 254, ¶ 270 and ¶ 286). The FAC alleges that some of the lawsuits have settled, but offers no details as to the settlements. UM concedes that it has retained reputable law firms, experts and investigators to defend the insured property owners (FAC ¶ 438) and, therefore, UM has control over the defense of the ongoing lawsuits and played some role in the decisions to settle the ones that have resolved.

The FAC alleges: (1) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 *et seq.* ("RICO"), including violations of 18 U.S.C. §1961(c), (d) and (a); (2) New York common law fraud, aiding and abetting fraud and unjust enrichment (Counts Four - Six); (3) violations of N.Y. General Business Law §349 (Count Seven), and (4) violations of N.Y. Jud. Law §487 (Count Eight).

As set forth below and in the Joint Brief, the FAC fails to assert any plausible claim for relief against the Subin Defendants.  At the outset, UM does not have standing to assert a RICO claim because it did not suffer any "first step" harm and, therefore, does not satisfy the causation standard set forth in *Holmes*, *Hemi Group, Anza* and *Horn*.  The FAC fails to satisfy Rule 9(b)'s particularity requirements both as to any predicate acts of mail and wire fraud allegedly committed by the Subin Defendants, and as to the Subin Defendants' purported participation in the "Fraud Scheme" as a whole.  The FAC does not remotely approach the level of specificity of fact necessary for a RICO or fraud claim.  The FAC fails to satisfy the pleading elements of a RICO enterprise and, in particular, any role played by the Subin Defendants within the enterprise.  It fails to allege a meeting of the minds or any indicia of an agreement or conspiracy. Some Defendants are barely mentioned at all in the FAC, with no allegations of being engaged in actual conduct, evidencing the complete insufficiency as to pleading a RICO conspiracy.

In support of their outrageous claims of a widespread fraud scheme, UM offers no more than conclusory, speculative and unsupportable allegations.  For these reasons, the FAC should be dismissed.

## ARGUMENT

### I. THE FAC IS DEVOID OF SPECIFIC FACTUAL ALLEGATIONS AGAINST THE SUBIN DEFENDANTS AND RELIES ON IMPERMISSIBLE GROUP PLEADING

Under Rule 8 and *Twombly*, a plaintiff is required to plead facts that sufficiently put the Defendants on notice of the precise claims being asserted against them: UM is required to identify and plead the precise acts committed by each Defendant that supports the allegations of wrongful conduct.  All causes of action asserted against the Subin Defendants are subject to dismissal because the FAC is devoid of specific factual allegations, improperly relying instead on

group pleadings that fail to plausibly state any claim for relief. The FAC simply "lumps" together seven separate Subin-related Defendants and imputes non-specific conduct to the group as a whole. This Court has consistently dismissed RICO and fraud claims based on allegations asserted collectively against defendant-groups because such "group pleading" is impermissible. See, *e.g.*, *New Falls Corp. v. Soni Holdings, LLC*, 2020 U.S.Dist. Lexis 59868 (E.D.N.Y. 2020).

To start, the FAC first lumps four separate corporate entities together under the generic title "Subin Firm" (FAC ¶ 7) and proceeds to lob broad, non-specific allegations of misconduct against that title. Worse, the FAC then takes three separate individuals (Herbert and Eric Subin and Arnold Baum), double-lumps them in with the four "Subin Firm" corporate entities, dubs that entire group "the Subin Defendants" (FAC ¶ 11), and generically attributes conduct to that whole group without specifying what acts each separate Defendant purportedly committed. To highlight the insufficiency of the FAC's "group pleadings," the generically-dubbed "Subin Defendants" consists of two LLPs, one LLC, one PLLC, and three individuals, and is accused of fraud, conspiracy, violating New York general business law and unjust enrichment, yet the FAC is totally devoid of ***specific acts*** that the seven separate Defendants are alleged to have actually committed.

For example, as to the four Subin-related corporate entities named as Defendants, the *only* mention in the entire FAC as to "Subin, LLP" and to "Eric Subin, PLLC" is that they were organized and exist in New York, and the month in which the PLLC was formed. (See FAC ¶ 6, 7 and 209). Neither "Subin, LLP" nor "Eric Subin, PLLC" is mentioned anywhere else in the FAC. Moreover, the FAC asserts that neither "Subin, LLP" nor "Eric Subin, PLLC" even existed until July 2024, and that Subin, LLP did not even have its "first case" until February 2025. (FAC ¶ 209). The FAC, however, does not allege any wrongful conduct occurring in or after July

2024, so neither Defendant could have engaged in any acts relevant to any asserted cause of action based on the simple fact that they were not yet born when any wrongful acts were committed.

There is also not a single factual allegation in the FAC against "Subin & Associates, LLC." The only reference to that entity is in Paragraph 5, which merely states that it is a limited liability company organized/existing in New York.

Dismissal of "Subin, LLP," "Eric Subin, PLLC" and "Subin & Associates, LLC" is not even a close call.

Similarly, all claims against the three individual Defendants are subject to dismissal because the FAC is devoid of allegations that support any claim against them. Eric Subin and Herbert S. Subin, combined, are referenced in only four paragraphs of the entire 525-paragraph FAC. Paragraphs 8 and 9 simply introduce them as party-Defendants. Paragraph 182 merely refers to an unrelated, irrelevant malpractice suit brought against Eric in 2023. Paragraph 368 provides irrelevant information about a patent held by Herbert.

The FAC is similarly devoid of any substantive or relevant allegations about Arnold Baum. He is merely introduced as the COO and General Counsel of the Subin Firm, then is referenced in a confusing story about litigation funding for an unrelated client that has no connection to any claims asserted in this FAC. (See FAC ¶ 160-177).

There is not a single allegation of any act committed by the three individuals that supports any of the claims asserted. There is no allegation that they mailed or wired anything. There is no allegation that they entered into an agreement with anyone to do anything, let alone entered into an agreement to commit predicate acts (which is necessary to support a RICO conspiracy). There is no allegation that they made a false or misleading statement to the plaintiff

(which is necessary to support a fraud claim). There is no allegation that they engaged in any acts or practices at all, let alone deceptive ones (which is necessary for a GBL § 349 claim).

In light of the improper group pleadings and the absence of any substantive allegations, the FAC cannot plausibly support any cause of action for RICO, a RICO conspiracy, fraud, aiding and abetting fraud, unjust enrichment, violations of GBL § 349 or attorney misconduct. See *DLJ Mortg. Capital, Inc. v. Kontogiannis*, 594 F.Supp.2d 308, 326 (E.D.N.Y. 2009) ("[A]s to plaintiffs mail, wire, and bank fraud allegations, paragraph 91's reliance on group pleading against all 'RICO Defendants' fails to satisfy the heightened pleading requirements of Rule 9(b)."); *Strother v. Harte*, 171 F.Supp.2d 203, 207-208 (S.D.N.Y. 2001) (dismissal of RICO claim required where plaintiffs "lumped the defendants together, without identifying the alleged racketeering acts that each defendant purportedly committed"); *Lippe v. Bairnco Corp.*, 225 B.R. 846, 860 (S.D.N.Y. 1998) ("To make out a RICO claim against these separate, corporate defendants, plaintiffs cannot simply 'lump' all the defendants together and allege that the purported acts of every defendant can be imputed to every other defendant."); *Alnwick v. European Micro Holdings, Inc.*, 281 F.Supp.2d 629, 640 (E.D.N.Y. 2003) (fraud allegations did not satisfy Rule 9(b) where complaint "lump[ed] [defendants] together and fail[ed] to specify what each defendant said"); *Lopez v. Bonanza.com, Inc.*, 2019 U.S. Dist. Lexis 170715, *41 (S.D.N.Y. 2019) ("the Court also finds that Plaintiff's generalized conclusory unjust enrichment allegations lumping all 'Defendants' together … fail to establish claims of unjust enrichment against the 12(b)(6) Moving Defendants."); *Schweitzer v. Testaverde*, 1990 U.S.Dist. Lexis 1672, *2-3 (S.D.N.Y. 1990) ("Almost invariably all defendants, individual and corporate, are lumped together in broad, non-specific allegations of fraud.").

## II.    THE FAC FAILS TO PLEAD A RICO CLAIM AGAINST SUBIN ASSOCIATES, LLP

Subin Associates, LLP is the only one of the seven "Subin Defendants" named in Count I and, therefore, is the only Subin Defendant against whom the § 1962(c) RICO claim is asserted. Because no substantive RICO claim has been alleged against any other Subin-related Defendant, the inquiry here must focus on the adequacy of the pleadings specific to Subin Associates, LLP.

As set forth in the Joint Brief, in order to state a civil RICO claim under § 1962(c), the complaint must allege, "as to each individual defendant," "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001). As to the "pattern of racketeering activity," the FAC must plausibly allege "at least two predicate. . . acts" committed by each RICO Defendant. See *Farag v. XYZ Two Way Radio Service, Inc.*, No. 22-1795, 2023 U.S. App. Lexis 7950, at *2 (2d Cir. Apr. 4, 2023) (quotation marks and citation omitted). As to the enterprise element, the FAC must plead "evidence of an ongoing organization, formal or informal" and "evidence that the various associates function as a continuing unit." *United States v. Boyle*, 556 U.S. 938, 945 (2009).

The RICO claim against Subin Associates, LLP fails because the FAC does not plead with particularity that it engaged in predicate acts of fraud or a pattern of racketeering, and because the litigation-based activities cannot form the basis of a RICO predicate act. The FAC falls woefully short of satisfying Rule 9(b)'s particularity requirement both as to the separate predicate acts of mail and wire fraud, and as to the "fraud scheme" as a whole. *Gross v. Waywell*, 628 F. Supp. 2d 475, 495 (S.D.N.Y 2009). The RICO claim against Subin Associates, LLP also fails because the FAC does not sufficiently plead the necessary elements of a RICO enterprise.

- 8 -

A. **Failure to Properly Plead that Subin Associates, LLP Committed Predicate Acts or Engaged in a "Pattern of Racketeering Activity"**

1. The Complaint Fails to Satisfy Rule 9(b)'s Particularity Requirements as to Predicate Acts of Mail and Wire Fraud

Count I of the FAC itemizes each predicate act of racketeering that is alleged against each of the "Count I RICO Defendants."  Paragraph 451 contains a Chart detailing the alleged conduct of each "Count I Defendant," including Subin Associates, LLP, that constitutes the alleged pattern of racketeering activity.  All but one of the predicate acts alleged against Subin Associates, LLP, as itemized in Paragraph 451, involves the mailing of Bills of Particulars or the electronic filing of Summons and Complaints with New York Courts.  The FAC claims that such conduct constituted the predicate acts of mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343).  None of the allegations can plausibly support a RICO pattern of racketeering activity against Subin Associates, LLP.

The Second Circuit has long held that allegations of such fraud "must be made with the particularity required by Federal Rule of Civil Procedure 9(b)."  *McLaughlin v. Anderson*, 962 F.2d 187, 191 (2d Cir. 1992).  As set forth in the Joint Brief, in order to satisfy Rule 9(b), allegations of RICO mail and wire fraud must state the contents of the communications, who was involved in making the communications, where and when the communications took place, and explain why they are fraudulent.  See *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993); *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 185 (2d Cir. 2008).  RICO allegations must also be evaluated "with respect to each defendant individually."  *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 181 (2d Cir. 2004).

The FAC lacks any particularity at all as to the alleged fraudulent content of the legal pleadings that constitute the purported mail and wire fraud: the FAC merely recites the boilerplate phrase that they contained "false contents" while offering nothing more than that

conclusory statement.  The FAC contains no particularized allegations as to *who* prepared any purportedly false content contained within the Complaints or Bills of Particulars, or *what* was the false content within each such legal pleading.  The FAC pleads no facts that plausibly show any conduct by Subin Associates, LLP that satisfy Rule 9(b).  See *Jordan v. Tilzer*, No. 21-1938, 2022 U.S. App. Lexis 30129, at *2-3 (2d Cir. Oct. 31, 2022).

The allegations of predicate acts of fraud asserted in the FAC are the quintessential conclusory, speculative, non-particularized allegations that fail Rule 9.  See *Spool*, *supra*; *Farag*, 2023 U.S. App. Lexis 7950 at *3; *Jaye v. Oak Knoll Vill. Condo. Owners Assoc.*, 751 Fed. App'x 293, 297-98 (3d Cir. 2018) ("Here, [plaintiff's] amended complaint contained only conclusory allegations that the defendants 'communicated by mail, email and phone' to coordinate and file court documents, to demand monies, and to provide notice of liens, collections letters, and legal demands.  We agree that these allegations, which describe normal communications between adverse parties, fail to satisfy Rule 9(b)'s particularity standard.  [citing *Lum v. Bank of Am.*, 361 F.3d 217, 224-25 (3d Cir. 2004)] (affirming dismissal of § 1962(c) claim because conclusory allegations failed to identify specific misrepresentations or who sent them to which plaintiff)").  Conclusory and nonspecific allegations like these should not survive a motion to dismiss.  See, *e.g.*, *Worldwide Directories, S.A. De C.V. v. Yahoo! Inc.*, No. 14-CV-7349, 2016 U.S. Dist. Lexis 44265, at *13-14 (S.D.N.Y. Mar. 31, 2016).

This Court's decision in *Condos Bros. Constr. Corp. v. Main St. Am. Assur. Co.* provides direct guidance on the inadequacy of pleadings similar to those asserted here:

> "the Amended Complaint simply includes a table listing bills, revised bills and non-payment notices that were mailed, either through the United States Postal Service or electronically, to Plaintiff on certain dates between 2009 and 2014.  From this, Plaintiff seeks to have the Court draw the inference that some or all of these documents contained a fraudulent statement of sorts, without identifying what the

> fraudulent statement is, who made it, or why it is fraudulent. Such allegations are wholly insufficient under Rule 9(b)."

280 F. Supp. 3d 349, 355 (E.D.N.Y 2017). Just as in *Condos Bros.*, the Complaint should be dismissed due to its failure to satisfy Rule 9(b).

Moreover, most of the allegations in the FAC describing the pattern of racketeering only plead the acts of fraud upon "information and belief." Allegations of fraud based only on "information and belief," without more, do not suffice to satisfy Rule 9 or survive a motion to dismiss. *Gutterman v. Herzog*, No. 20-CV-1081, 2020 U.S. Dist. Lexis 214027, at *8 (E.D.N.Y. Nov. 16, 2020). While courts have made an exception to the particularity requirements and have allowed allegations to be based on information and belief when facts are peculiarly within the opposing party's knowledge, "this exception 'must not be mistaken for license to base claims of fraud on speculation and conclusory allegations,' especially in the context of RICO claims." *Flexborrow LLC v. TD Auto Fin. LLC*, 255 F. Supp. 3d 406, 424 (E.D.N.Y. 2017); see also *Simmons v. Nationstar Mortgage*, No. 20-CV-1066, 2021 U.S. Dist. Lexis 47566, at *9-10 (E.D.N.Y. Mar. 12, 2021). UM was required to plead with particularity all facts upon which its "beliefs" were formed. The FAC is woefully insufficient to meet this requirement.

2.   Statute of Limitations

The Chart of RICO predicate acts contained in Paragraph 451 of the FAC attributes to Subin Associates, LLP one "fraudulent disbursement of funds" under 18 U.S.C. § 1956 and 1957. The FAC alleges that happened on March 2, 2018.

Civil RICO claims are subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987). Any claims based on conduct or predicate acts occurring outside of the statute of limitations are untimely and should be dismissed. *Allstate Ins. Co. v. CPM Med. Supply Inc.*, No. 23-CV-5864, 2024 U.S.Dist. Lexis 153880, at *31-33

(E.D.N.Y. Aug. 27, 2024).  The original Complaint was filed on May 12, 2025.  Any claims of predicate conduct occurring prior to May 12, 2021 are thus untimely and cannot be considered as a RICO predicate act.  The "fraudulent disbursement of funds" alleged in the last row of Paragraph 451's Chart is untimely by more than three years.[2]  Moreover, nine of the mail or wire fraud allegations in the Chart allegedly occurred prior to May 12, 2021 and are untimely as well. In addition to the other reasons discussed herein, such predicate acts should be dismissed as untimely.

3.  The FAC Does Not Allege Bribery or Travel Act Violations Against Any Subin Defendant

The Joint Brief thoroughly addresses the inadequacy of the FAC as to the predicate acts of bribery and violations of the Travel Act.  However, the FAC does not allege that any Subin Defendant engaged in any conduct relative to these predicate acts.  Such conduct, therefore, cannot support a pattern of racketeering activity against any Subin Defendants.

4.  No Particularity is Alleged as to Subin Associates, LLP's Participation in the Overarching Fraud Scheme

At the heart of this spurious lawsuit is the tale of a widespread scheme to lure homeless, drug-addicted immigrants (FAC ¶ 99, 156, 228), coax them to fake injuries and then submit themselves to years of medical care, all so that the Defendants can settle personal injury lawsuits for a higher dollar amount.  The FAC relies on nothing more than speculation and conjecture and offers not a single fact upon which one could plausibly conclude that injuries were staged.

The FAC simply references Claimants A through H and their lawsuits in New York State courts, but offers nothing at all to support the speculative leap to the conclusion that their

---

[2] The 18 U.S.C. § 1956 and 1957 claims alleged against Subin Associates, LLP are also subject to dismissal for the substantive grounds set forth in the Joint Brief.

lawsuits are based on faked accidents or imaginary or medically unsupported injuries.  Similar allegations have been held by this Court to be insufficient to satisfy the predicate act requirements of the RICO statute.  See *Allstate Insurance Co. v. CPM Med. Supply, Inc.*, No. 23-CV-5864, 2024 U.S. Dist. Lexis 153880, at *28-29 (E.D.N.Y. Aug. 27, 2024).  These conclusory and speculative allegations of a "fraud scheme" do not satisfy Rule 9.

5.   <u>The Litigation Activity Cannot Constitute a RICO Predicate Act</u>

This FAC boils down to an insurance company claiming that personal injury lawsuits filed and prosecuted in New York courts were premised on false or exaggerated allegations.  All predicate acts that UM alleges were committed by Subin Associates, LLP are related exclusively to the Law Firm's role in filing lawsuits and representing clients in litigation.  Specifically, the exhaustive list of every act of mail and wire fraud alleged against Subin Associates, LLP consists only of the submission of legal papers (Summons, Complaints and a Bill of Particulars).

The Second Circuit holds that the use of mail and wires in the filing of legal documents or in support of litigation activity cannot constitute a viable RICO predicate act.  *Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018); see also *Weaver v. Boriskin*, 751 Fed. App'x 96, 98 (2d Cir. 2018) (fraudulent litigation activities, including creating and recording a fraudulent assignment used to foreclose on a property, are insufficient to establish a RICO predicate act); *Dekom v. Fannie Mae*, 846 Fed. App'x 14, 21 (2d Cir. 2021); see also *Applebaum v. Fabian*, 2022 U.S. App. Lexis 32026, at *2 (3d Cir. Nov. 18, 2022).

The Second Circuit, as well as District Courts within the Second Circuit, recognize that there are compelling policy reasons to support this rule:

> "First, '[i]f litigation activity were adequate to state a claim under RICO, every unsuccessful lawsuit could spawn a retaliatory action,' which 'would inundate the federal courts with procedurally complex RICO pleadings.'"

- 13 -

*Kim*, 884 F.3d at 104; *Reddy v. Abitol*, No. 49-CV-1493, 2020 U.S. Dist. Lexis 1996, at \*14 (N.D.N.Y. Jan 7, 2020).  Permitting RICO lawsuits to proceed based on other litigation activities would "erode the principles undergirding the doctrines of res judicata and collateral estoppel" because such claims question the validity of the documents and decisions presented in the underlying litigation.  *Kim*, 884 F.3d at 104.[3]

To emphasize this point, the FAC does not allege that each Claimant never in fact received the medical treatment claimed.  The FAC simply claims that the type of medical care provided was inappropriate based on the plaintiffs' perception of how each Claimant got hurt.  These are precisely the issues to be presented and defenses to be litigated in personal injury lawsuits.  The insured property owners sued in the underlying lawsuits were permitted to conduct Independent Medical Examinations ("IMEs") to challenge the mental or physical condition of the person claiming to have been injured on their property.  (*See*, N.Y. Civil Practice Law and Rules §3121).  These IME doctors are precisely the types of "experts" that UM admits it needed to retain to satisfy its duty to defend the insured property owners in the personal injury cases.  (See FAC ¶ 438).  UM admits that it retained "reputable defense firms, [and] investigators" (FAC ¶ 438), and it certainly instructed them to contest the causal connection between the medical treatment and the slip-and-fall accident, and/or to demonstrate that the medical treatment was unnecessary, excessive or unwarranted for the injury claimed.  UM was surely free to instruct its defense attorneys to assert the affirmative defense of fraud and to defend the slip-and-fall

_____

[3] The Moving Defendants recognize that the Second Circuit has not yet held that RICO actions based on litigation activities are *categorically* meritless, especially if the RICO claim asserts more than a single frivolous lawsuit.  See, *e.g.*, *State Farm v. Tri-Borough NY Med. Prac.*, 120 F.4th 59, 98 n. 14 (2d Cir. 2024).  But because the FAC's allegations of multi-lawsuit fraud here are so insufficiently pled, for the reasons set forth above, and because the state court litigation activities are expressly pled to be predicate acts, the premise of *Kim* should be applied here.

lawsuits by pursuing this theory that the accidents were staged and the injured persons are fraudsters.  UM also admits that, while comporting with reason and due diligence, presumably in consultation with the reputable attorneys, experts and investigators it retained to defend these allegedly fraudulent slip-and-fall cases, ***it still decided to settle the claims***.  (FAC ¶ 440, 487-488).

These facts highlight the applicability and efficacy of the policy reasons why litigation activities should not constitute a RICO predicate act, lest it "erode the principles undergirding the doctrines of res judicata and collateral estoppel" by challenging the validity of the underlying litigation.  *Kim*, 884 F.3d at 104.  These facts also demonstrate how manifestly improper it is for UM here to use a federal RICO forum to challenge the validity of the underlying personal injury litigation and take a second bite of the apple with the same defenses available to primary insurance carriers in the underlying NY State court lawsuits of the "Claimants."

## B.  <u>The FAC Fails to Allege a RICO Enterprise</u>

The FAC should also be dismissed because it fails to satisfy the pleading elements of a RICO enterprise against Subin Associates, LLP in particular.

"The heart of any civil RICO claim is the enterprise.  There can be no RICO violation without one."  *D. Penguin Bros. Ltd. v. City National Bank*, No. 13 Civ. 0041, 2014 U.S. Dist. Lexis 32819, *10 (S.D.N.Y. Mar. 11, 2014).  As set forth in the Joint Brief, an association-in-fact enterprise[4] "must have at least three structural features: [1] a purpose, [2] relationships among

---

[4] Courts recognize two separate categories of associations satisfying § 1961(4)'s "enterprise" requirement: (1) legal entities such as corporations or partnerships, and (2) "associations in fact." See *Turkette*, 452 U.S. at 581-82.  In this FAC, it is only the second category, an "association in fact" enterprise, that plaintiffs claim existed.  (FAC, ¶ 215).

those associated with the enterprise, and [3] longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009). The RICO claim against Subin Associates, LLP should be dismissed because the FAC fails to satisfy these requisite elements of a RICO enterprise.

> 1. Absence of Common Purpose and Interpersonal Relationships Between Subin Associates, LLP and the Other Enterprise Defendants

Relying on *Turkette*, courts within the Second Circuit hold that for an association in fact to constitute a RICO enterprise, the members of the association "must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes." *Blue Cross of California v. SmithKline Beecham Clinical Labs., Inc.,* 62 F. Supp. 2d 544, 551 (D. Conn. 1988). To allege such an association, "a plaintiff must demonstrate the relationships between the various members and their roles in the purported RICO scheme." *Black v. Ganieva*, 619 F. Supp. 3d 309, 334 (S.D.N.Y. 2022) (citations omitted). "The concept of 'associat[ion]' requires both interpersonal relationships and a common interest" to show that an alleged group "function[s] as a continuing unit." *Boyle*, 556 U.S. at 946, 948. "[R]elationships among those associated with the enterprise" are essential structural features of a RICO association-in-fact. *Boyle*, 556 U.S. at 946.

The FAC generically claims that the Subin Defendants were at the head of the scheme but contains no factual allegations regarding the structure or operation of the alleged association-in-fact enterprise. UM provides only conclusory allegations and a nifty flow-diagram, but fails to make concrete factual assertions as to the *mechanics of interactions* between the Subin Defendants and any other Defendants. There are no facts pled indicating that the disparate defendants functioned as a unit or supporting an inference that they had a common interest in the success of the so-called enterprise. The FAC does not provide "any solid information regarding

- 16 -

the 'hierarchy, organization, and activities' of th[ese] alleged association-in-fact enterprise[s]" from which this Court "could fairly conclude that their 'members functioned as a unit.'" <u>First Capital Asset Mgmt.</u>, 385 F.3d at 174-75 (quoting <u>United States v. Coonan</u>, 938 F.2d 1553, 1560-61 (2d Cir. 1991).

Completely absent from the plaintiffs' explanation of a "common purpose" is how this group "functioned as a continuing unit."  See *Blue Cross v. SmithKline*, 62 F. Supp. 2d at 552-53. There are no non-conclusory allegations of any meetings between the Subin Defendants and any other Defendants, or even of any basic communications among them.  *Cont. Transp. Servs., Inc. v. New Era Lending LLC*, No. 17 Civ. 8224, 2018 WL 11226077, at *4 (S.D.N.Y. Oct. 26, 2018) (failure to plead a RICO enterprise without allegations that the "Defendants have ever met or communicated with each other").

The FAC simply does not support a plausible inference that any Subin Defendants had interpersonal relationships with other members of the purported enterprise.  See *Gurung v. MetaQuotes Ltd.*, No. 23-CV-06362, 2024 U.S. Dist. Lexis 146721, at *27 (E.D.N.Y. Aug. 16, 2024); *Jgaip RH 160 LLC v. Cri Holding Corp.*, No. 21-CV-02489, 2023 U.S. Dist. Lexis 144781, at *46-47 (E.D.N.Y. Aug. 16, 2023) ("Without factual allegations showing these defendants had an interpersonal relationship in which they worked together for a common illicit purpose, plaintiff's allegations constitute nothing more than the 'conclusory naming of a string of entities' combined with legal conclusions.").

## III.    PLAINTIFF FAILS TO PLEAD A RICO CONSPIRACY AGAINST THE SUBIN DEFENDANTS

Because the Complaint fails to adequately plead a substantive RICO claim, the RICO conspiracy cause of action must also be dismissed.  *Williams*, 889 F.3d at 126; see also *Condos*

*Bros. Constr. Corp. v. Main St. Am. Assur. Co.*, 280 F. Supp. 3d 349, 356 (E.D.N.Y. 2017);

*Flexborrow LLC*, 255 F. Supp. 3d 406; *First Capital Asset Mgmt., Inc.*, 385 F.3d 159.

Moreover, the FAC independently fails to state a claim for a substantive RICO conspiracy because it makes no non-conclusory allegations about any agreement. As set forth in the Joint Brief, to prevail on a § 1962(d) RICO conspiracy claim, a plaintiff must demonstrate that the Defendant agreed with his criminal associates to form the RICO enterprise, which "requires proof that a defendant agreed with others (a) to conduct the affairs of an enterprise (b) through a pattern of racketeering." *United States v. Applins*, 637 F.3d 59, 77 (2d Cir. 2011). This standard requires Plaintiff to allege as to each co-conspirator: (1) an agreement to join the conspiracy; (2) the acts of each co-conspirator in furtherance of the conspiracy; (3) that the co-conspirator knowingly participated in the same. See *Nasik Breeding & Research Farm Ltd. v. Merck & Co., Inc.*, 165 F. Supp. 2d 514, 541 (S.D.N.Y. 2001).

The FAC lacks any allegations that any Subin Defendant engaged in *specific acts* that, if carried out, would qualify as an agreement to violate RICO's substantive provisions. Instead, the FAC merely offers conclusory allegations that Defendants knew, agreed or conspired to commit fraud, but conclusory allegations of an agreement, like these, are insufficient. *Abbott Labs. v. Adelphia Supply USA*, No. 15-CV-5826, 2017 U.S. Dist. Lexis 1007, *35-36 (E.D.N.Y. Jan. 4, 2017).

For these reasons, and the reasons set forth in the Joint Brief, the RICO conspiracy claim against the Subin Defendants should be dismissed.

## IV.    DISMISSAL OF COMMON LAW CLAIMS OF FRAUD, AIDING/ABETTING FRAUD, UNJUST ENRICHMENT AND GENERAL BUSINESS LAW § 349

The Subin Defendants fully adopt and incorporate herein all arguments demonstrating the insufficiency of the FAC as to all common law and state statutory causes of action.

For the same reasons set forth above regarding the lack of particularity as to Plaintiffs' RICO mail and wire fraud claims, the common law fraud claim is also subject to dismissal for failure to satisfy the heightened pleading standard of Rule 9(b).

Further, the common law fraud claim against the Subin Defendants should also be dismissed because it does not satisfy the elements of common law fraud. Under New York law, the elements of common law fraud are (1) a material misrepresentation to the plaintiff by the defendant; (2) known by defendant to be false; (3) made with the intention of inducing plaintiff's reliance; (4) reasonable reliance by plaintiff on the misstatement and (5) damages. Pensee Assoc. Ltd. v. Quon Indus. Ltd., 660 N.Y.S.2d 563, 567 (1st Dep't 1997). Here, the FAC does not allege any material misrepresentation made directly to UM specifically by any of the Subin Defendants. *See, e.g.*, Government Employees Ins. Co. v. Hazel, No. 11-CV-00410, 2014 U.S. Dist. Lexis 133870, *27 (E.D.N.Y. Aug. 11, 2014); Kuiters v. Kukulka, 57 A.D.3d 1469, 1470 ( 4th Dept. 2008) ("The allegedly fraudulent misrepresentations were not made to plaintiffs, and plaintiffs thus lack standing to assert a fraud cause of action against defendants."); Aymes v. Gateway Demolition Inc., 30 A.D.3d 196, 197 (1st Dept. 2006).


## V.    DISMISSAL OF COUNT VIII CLAIM UNDER JUDICIARY LAW § 487

Count VIII alleges attorney misconduct under New York Judiciary Law § 487. This claim fails because there never existed an attorney-client relationship between any Subin Defendant and UM. *Lipin v. Hunt*, 2015 U.S.Dist. Lexis 35700, *28 (S.D.N.Y. 2015). Nor was

Union Mutual a party to any underlying lawsuit, which is an express requirement under Section 487(1). UM has no standing to assert this claim.

## CONCLUSION

For all of the foregoing reasons, the Subin Defendants respectfully request that the Court grant this motion to dismiss in its entirety.

Dated: New York, New York
      November 3, 2025

                        *NIXON PEABODY LLP*

                        *By:  /s/Joseph J. Ortego*
                            Joseph J. Ortego
                        John J. Weinholtz
                        Tower 46, 55 West 46th Street, 24th Floor
                        New York, NY 10036-4120
                        (212) 940-3000
                        *Email*: jortego@nixonpeabody.com
                                jweinholtz@nixonpeabody.com
                        *Attorneys for Subin Defendants*

TO: **THE WILLIS LAW GROUP**
      Michael A. Graves
      William Clay
      Aaron Meyer
      Kirk Willis
      Daniel Johnston
      1985 Forest Lane
      Garland, Texas 75042
      Tel: (214)-736-9433
      Email: mgraves@thewillislawgroup.com
             wclay@thewillislawgroup.com
             ameyer@thewillislawgroup.com
             kwillis@thewillislawgroup.com
             djohnston@thewillislawgroup.com
      *Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I, John J. Weinholtz, hereby certify that on November 3, 2025, I caused a copy of the

above document to be served as follows:

<u>**VIA EMAIL**</u>

Michael A. Graves
William Clay
Aaron Meyer
Kirk Willis
Daniel Johnston
1985 Forest Lane
Garland, Texas 75042
Tel: (214)-736-9433
Email: mgraves@thewillislawgroup.com
        wclay@thewillislawgroup.com
        ameyer@thewillislawgroup.com
        kwillis@thewillislawgroup.com
        djohnston@thewillislawgroup.com
*Attorneys for Plaintiff*

cc: **All Defendants' Counsel of Record**


Dated:   New York, New York
         November 3, 2025

                                *NIXON PEABODY LLP*

                                By:  */s/ John J. Weinholtz*_____
                                      John J. Weinholtz
                                40 Fountain Plaza, Suite 500
                                Buffalo, New York 14202
                                (716) 853-8100
                                *Email*: jweinholtz@nixonpeabody.com
                                *Attorneys for Subin Defendants*